**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2244
_____

ROBERT NEMETH, JR., United States, ex rel.,
                                                            Appellant

v.

OFFICE OF THE CLERK OF THE SUPERIOR COURT OF NEW JERSEY; ERIC S.
HAUSMAN, Individually and Severally; LAW OFFICES OF STEVEN A.
VARANO PC; OFFICE OF MIDDLESEX COUNTY SHERIFF; PAUL INNES,
Individually and Severally; MILDRED SCOTT, Individually and Severally; MICHELLE
M. SMITH, Individually and Severally; DOES 1-10; ROES 1-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3:19-cv-16809)
District Judge: Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2020

Before: CHAGARES, PHIPPS and COWEN, Circuit Judges

(Opinion filed December 16, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Robert Nemeth, Jr., appeals the District Court's dismissal of his complaint, in which he raised various claims related to a state court foreclosure action. For the reasons that follow, we will affirm the District Court's judgment.

I.

Nemeth's complaint stems from the foreclosure of a property he owned in Monroe Township, New Jersey. Wells Fargo Bank initiated foreclosure proceedings on the property against Nemeth and three others in New Jersey state court in 2012. In May 2015, Judge Paul Innes of the Chancery Division of the Mercer County Superior Court ultimately entered a final judgment of foreclosure for over $370,000 after summary judgment was granted in favor of Wells Fargo Bank. The property was authorized to be sold at a sheriff's sale after a writ of execution was filed in the Chancery Division of the Middlesex County Superior Court. The writ of execution was signed by Michelle M. Smith, the Clerk of the Superior Court, and states that it was witnessed by Judge Innes.

After Nemeth unsuccessfully appealed the foreclosure decision, see Wells Fargo Bank, N.A. v. Nemeth, No. A-0928-15T3, 2017 WL 2920417, at *1 (N.J. Super. Ct. App. Div. July 10, 2017) (per curiam), the property was sold at a sheriff's sale for $100 in April 2019 to MTGLQ Investors, L.P. The Middlesex County Sheriff, Mildred Scott, executed a sheriff's deed of foreclosure in May 2019. The Law Offices of Steven A. Varano, P.C., and Eric S. Hausman, an attorney at that firm, represented MTGLQ Investors in securing a writ of possession to enforce the partnership's right to the property. In June 2019, Smith signed a writ of possession to the property to Wells Fargo Bank or its assignee. The writ of possession was again signed by Smith, and states that it

2

was witnessed by a New Brunswick Superior Court judge who is not a party to this proceeding. Nemeth alleges that he was served with the writ of possession and a notice of eviction in July 2019.

Nemeth subsequently filed a complaint in the District Court in August 2019, naming the Office of the Clerk of the Superior Court of New Jersey, Smith, Judge Innes, the Office of the Middlesex County Sheriff, Scott, the Law Offices of Stephen A. Varano, Hausman, and various unnamed individuals as defendants. The named defendants all moved to dismiss Nemeth's claims, and the District Court granted their motions, dismissing Nemeth's complaint with prejudice. Nemeth timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's dismissal of Nemeth's claims.[2] See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). Dismissal is appropriate "if,

---

[1] Nemeth named twenty unidentified "Doe" and "Roe" defendants in his complaint who were never served with process. Because these defendants were never served, they were never parties to the case within the meaning of Federal Rule of Civil Procedure 54(b). See Gomez v. Gov't of Virgin Islands, 882 F.2d 733, 735-36 (3d Cir. 1989); United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976). Accordingly, the District Court's order is final and appealable, and we have jurisdiction over this appeal. See Gomez, 882 F.2d at 735-36.

[2] In our review, we consider the complaint, any "document integral to or explicitly relied upon" in framing the complaint, see Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (internal citation omitted), and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," see Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).

III.

We agree with the District Court's dismissal of Nemeth's complaint with prejudice.[3] First, the District Court properly determined that the Office of the Clerk of the Superior Court was entitled to Eleventh Amendment sovereign immunity on Nemeth's claims against it. Eleventh Amendment immunity protects a state or a state agency from suit unless Congress has specifically abrogated the state's immunity or the state has waived its immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Karns v. Shanahan, 879 F.3d 504, 513 (3d Cir. 2018); see also Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 658 (3d Cir. 1989) ("A state agency is entitled to immunity from suit in a federal court under the eleventh amendment when a judgment against it would have had essentially the same practical consequences as a

---

[3] As the District Court noted, Nemeth's claims are not a model of clarity, but we agree with the District Court's construction of Nemeth's complaint as seeking to bring various constitutional claims pursuant to 42 U.S.C. § 1983. Nemeth has argued that he "has an absolute right to select the law of the complaint, which is very specific as to Public Law 39-26," rather than § 1983. See Appellant's Br. at p. 49; see also Compl. at p. 9. "Public Law 39-26" appears to refer to the Civil Rights Act of 1866, which has been revised since its enactment and is currently codified at 42 U.S.C. §§ 1981-82. See Georgia v. Rachel, 384 U.S. 780, 789, n.12 (1966). Because Nemeth has made no allegations that could possibly state a cause of action under §§ 1981-82, the District Court properly proceeded to analyze his claims under § 1983, which permits individuals to bring actions for violations of their civil rights by state actors. See Benn v. Universal Health Sys., Inc., 371 F.3d 165, 169-70 (3d Cir. 2004). Nemeth's continued insistence on appeal that he can pursue all of his claims under "Public Law 39-26" is entirely unsupported.

4

judgment against the State itself.") (citation and internal quotation marks omitted).  The

Office of the Clerk of the Superior Court is a component of a state court, established by

the New Jersey Constitution in a unified state-based court system, see N.J. Const. Art. VI,

§ 7, ¶ 3, and is entitled to immunity under the Eleventh Amendment as an "arm" of the

state.  See Chisolm v. McManimon, 275 F.3d 315, 323 (3d Cir. 2001) (analyzing the

factors for "whether an entity is an arm of the state and, therefore, entitled to Eleventh

Amendment immunity" and describing the "unification of the New Jersey court system");

cf. Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240 (3d Cir. 2005) (concluding that

the First Judicial District of Pennsylvania was entitled to Eleventh Amendment sovereign

immunity as "part of the unified judicial system subject to the control of the Supreme

Court").

Nemeth has identified no waiver of immunity here, and his citation to

25 U.S.C. § 2710(d)(7)(B) — a provision which regulates tribal gaming ordinances —

has no relevance to whether Congress intended to abrogate New Jersey's Eleventh

Amendment immunity in the context of this case.  Nemeth also has not identified any

"prospective, declaratory, or injunctive relief governing an officer's future conduct" that

could permit immunity to be waived under the doctrine of Ex parte Young.  See MCI

Telecomm. Corp. v. Bell Atl. Pennsylvania, 271 F.3d 491, 506 (3d Cir. 2001).  Rather,

although Nemeth claims that he seeks injunctive relief, in actuality, he seeks retrospective

relief in the form of a decree that the state court judgments related to his foreclosure are

unconstitutional.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698 (3d Cir.

1996) (explaining that a litigant's request for relief is not prospective where "specific

allegations target past conduct, and the . . . [litigant's requested] remedy is not intended to halt a present, continuing violation of federal law").

Next, the District Court properly concluded that Judge Innes is entitled to absolute judicial immunity in this case. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978) (explaining that judges are not civilly liable for judicial acts); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Absolute judicial "immunity is overcome in only two sets of circumstances," either "for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity," or *"for actions, though judicial in nature, taken in the complete absence of all jurisdiction."* Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam).

Nemeth argues that Judge Innes acted beyond the scope of his jurisdiction in entering a final judgment of foreclosure in his case. However, as the District Court explained, Nemeth made no allegations that Judge Innes took any nonjudicial actions or any actions "in the complete absence of all jurisdiction," as Nemeth specifically challenges the actions Judge Innes took in ruling on his foreclosure matter, a matter within the scope of the Superior Court's subject matter jurisdiction. See Figueroa v. Blackburn, 208 F.3d 435, 443-44 (3d Cir. 2000) (explaining that "[a] judge will not be deprived of immunity because the action he took is in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction" and that "[g]enerally, . . .where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes") (citations and internal quotation marks omitted); see also N.J. Ct. R. 1:34-6(a).

Relatedly, for Nemeth's claims against Smith for signing facially valid writs of execution and possession related to the foreclosure of his property, she is also entitled to absolute quasi-judicial immunity for her actions taken in her capacity as the Clerk of the Superior Court. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 772-73 (3d Cir. 2000) (providing absolutely quasi-judicial immunity for court administrative personnel who are charged with carrying out facially valid court orders when a suit challenges the order).

Both the Office of the Middlesex County Sheriff and Scott are also entitled to absolute quasi-judicial immunity for executing the facially valid deed of foreclosure challenged by Nemeth. "In determining whether a government actor was fulfill[ing] a quasi-judicial role at the court's request, we take a functional approach to immunity" in which "we examine the nature of the functions with which a particular official or class of officials has been lawfully entrusted, and we seek to evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions." Russell v. Richardson, 905 F.3d 239, 247 (3d Cir. 2018) (internal quotation marks and citations omitted). Although Nemeth alleged in his complaint that "the sheriff and/or her representative intentionally prevented the participation in a bidding process by anyone in the room full of bidders," see Compl. at p. 14, this conclusory statement is insufficient to allege that these defendants were not acting to lawfully execute an authorized order. [4] See Russell, 905 F.3d at 248.

_____

[4] Nemeth insists in his appellate filings that his vague allegations warranted discovery, which would have proved "bid-rigging." See Appellant's Br. at p. 43. Although Nemeth has repeatedly claimed that he personally witnessed "bid-rigging" at the sheriff's sale of the property, he has never provided any details of how it occurred, such as how many

7

Nemeth's constitutional claims against the Law Offices of Stephen A. Varano and Hausman were also properly dismissed because nothing in Nemeth's complaint suggests that either defendant is a state actor for purposes of § 1983.[5] See Benn v. Universal Health Sys., Inc., 371 F.3d 165, 169-70 (3d Cir. 2004).

Finally, the District Court did not abuse its discretion by declining to grant Nemeth leave to amend his complaint; amendment would be futile under the circumstances of this case. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Although Nemeth contests the dismissal of his claims, he has not provided additional specific factual allegations in any of his appellate filings to suggest that his claims should proceed.

Accordingly, we will affirm the judgment of the District Court.

---

buyers attempted to bid on the property or how these alleged buyers were prevented from doing so. See id. In particular, Nemeth did not specifically allege how the Office of the Middlesex County Sheriff or Scott interfered in any way with the execution of the deed of foreclosure.

[5] Additionally, because all of the defendants named by Nemeth were state and private officials and entities, the District Court properly concluded that Nemeth cannot pursue a Fifth Amendment claim against any defendant, as the Due Process Clause under the Fifth Amendment protects against federal governmental actions, not state actions. See Riley v. Camp, 130 F.3d 958, 972 n. 19 (11th Cir.1997) (per curiam).